Jerry Lee JOHNSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12551.

Criminal Court of Appeals of Oklahoma.

Feb. 12, 1958.

Tom Smith, Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Jerry Lee Johnson, hereinafter referred to as the defendant, was charged by information in the County Court of Seminole County, with the offense of operating a motor vehicle without a drivers license, waived a jury, stipulated to the facts as alleged in the information and was found guilty by the trial judge and sentenced to pay a fine of $25 and costs. No briefs have been filed in said cause but defense counsel appeared for oral argument and relies for reversal upon one assignment of error in that the trial judge erred in overruling defendant's motion to quash the information which was presented on the day said cause was to be

heard. The motion to quash was as follows:

"By Mr. Smith: The defendant, Jerry Lee Johnson, moves the court to quash the Information in this case for the reason that the court does not have jurisdiction to hear and try the matter for the following reasons: That the Information states that the crime was committed on the 1st day of July, 1956, and the 30th day of June, 1956, respectively; and that at that time, the defendant, Jerry Lee Johnson was a minor of the age of 15 years. That the defendant was not accorded his constitutional rights under our Juvenile Act in that no proceedings were filed, or had, in the County Court, or Juvenile Court, to ascertain his responsibility to answer for a crime. That the charge was filed subsequent to his 16th birthday, which was on July 7th, 1956; and the charge was filed on July 10th, 1956."

The motion to quash was by no means frivolous and presents a unique question. Much confusion existed among members of the bar and trial judges concerning the interpretation of the Juvenile Act prior to 1947. 10 O.S.1951 § 101 et seq. Previous to that time the Act had not been clarified and there was considerable room for ambiguity and confusion. However, a very thorough decision written by Judge Brett in the case of Ex parte Lewis, 85 Okl.Cr. 322, 188 P.2d 367, 374, December 17, 1947, establishes the precedent that governs the application of the Juvenile Act as it pertains to males under 16 and females under 18 who violate the laws of the United States, state, or city ordinance.

It is to be noted in the instant case that the defendant was charged by information on the 16th day of July, 1956, 9 days after his 16th birthday of committing the offense as set out in the information on July 1, 1956, 7 days prior to his 16th birthday. This question was squarely passed on in the Ex parte Lewis case, supra, where the court said:

"The Juvenile Act takes away no jurisdiction heretofore conferred on the courts to try an offense against the penal laws of the State, and where a male child under 16 years of age or a female under 18 years of age commits a crime but the juvenile court did not acquire jurisdiction to make an adjudication of juvenile delinquency before it reached the age of 16 years in the case of a male and 18 years in the case of a female, courts of competent jurisdiction may proceed to try said child as though he were an adult, without resort to the juvenile court."

In the Lewis case, supra, Judge Brett, in harmonizing the juvenile section of the statute, further said:

" * * * certain conclusions are obvious: (1) That a male over 16 years of age who commits a crime does not come within the provisions of the Act. (2) Neither does a male over 16 years of age who committed a crime before he reached the age of 16 years * * * that he was a juvenile delinquent. (3) That the court acquires jurisdiction of the subject matter only by provisions of the statute, Title 10, OSA § 101, as amended; by the filing of the petition, Title 10 OSA § 105; pleading the necessary facts such as the age of the juvenile and his delinquency, either by reason of the commission of crime or by reason of any of the other grounds set out in the provisions of the statute."

In the case at bar the Juvenile Court did not acquire jurisdiction prior to defendant's 16th birthday and there not being an adjudication as to defendant being a juvenile delinquent prior to his becoming 16, the trial court did not err in overruling defendant's motion to quash. Because of the thoroughness with which this matter is discussed in Ex parte Lewis case, it would be strictly repetition to elaborate further. For the foregoing reasons, the case is affirmed.

BRETT, P. J., and POWELL, J., concur.